**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

Youluoxihankeji Shenzhenyouxiangongsi d/b/a Uluo

Plaintiff,

v.

Ad-n-art Inc.,

Defendant.

CASE NO. 2:26-CV-2937

**COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW COMES** Youluoxihankeji Shenzhenyouxiangongsi d/b/a Uluo ("Plaintiff"), by and through its undersigned counsel, and for its complaint against defendant Ad-n-art Inc., ("Defendant") allege as follows:

## Introduction

**1.** This action is filed by Plaintiff to obtain determinations that: (i) Plaintiff does not infringe any valid or enforceable claim of U.S. Patent No. 12,654,926 (the "'926 Patent"); and (ii) certain claims of the '926 Patent are invalid and unenforceable. A true and correct copy of the '926 Patent is attached as **Exhibit 1.**

## Parties

**2.** Plaintiff Youluoxihankeji Shenzhenyouxiangongsi is a Chinese limited company with its principal place of business in Zhejiang, China.

**3.** Defendant, on information and belief, Defendant is a Canadian Corporation and thepurported owner of the '926 Patent.



MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

## Jurisdiction and Venue

**4.** This Court has original subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. § 100, et seq. and 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

**5.** This Court has jurisdiction over the claims herein arising under the laws of the State of Washington pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

**6.** Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), and this Court may properly exercise personal jurisdiction over Defendant because Defendant, through their wrongful enforcement of the ‘926 Patent against Plaintiff on the Amazon.com platform that is based in this forum, has caused Plaintiff’s sales of certain insulated drink containers into Washington and elsewhere to cease. Prior to Defendant’s wrongful enforcement of the ‘926 Patent against Plaintiff’s insulated drink containers, Plaintiff enjoyed sales of the products on the Amazon.com platform, however after Defendant wrongfully enforced its ‘926 Patent against the Plaintiff’s insulated drink container products through Amazon.com’s infringement reporting function, Plaintiffs’ sales of the drink container products into Washington and elsewhere were ceased. Moreover, Defendant’s wrongful enforcement of the ‘926 Patent against Plaintiff has, on information and belief, had a material, deleterious effect on Plaintiff’s Amazon seller account health, increasing the likelihood of an adverse effect. Defendant has committed and is committing tortious acts in Washington and this Judicial District, and caused Plaintiff injury in Washington, including through the wrongful prevention of Plaintiff’s sales and shipments of their insulated drink container products into Washington and this Judicial District.



MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

**7.** Based on Defendant's actions there exists an actual substantial controversy between the parties with adverse legal interests such immediacy and existence so to warrant a declaratory judgment.

**Plaintiffs' Businesses**

**8.** Plaintiff is the registrant of and operates the Amazon.com storefront "Uluo" (Amazon Seller ID: ARM5ALIBWJWHX) through which is sells various consumer products, including insulated drink container products. One type of product Plaintiff sold, insulated drink containers, was designated with Amazon Standard Identification Numbers (ASINs) B09JSYG5JN, B0B14VDCGB, B09JT1GKSV, B0B14SRGGY, B0B14VKRND, B0B14V4ZVY, B0B9M31HX6, B0B9M4LJZM (the "Plaintiff Products").

**9.** True and correct photographs of the Plaintiff Products from their respective Amazon product listings are attached hereto as **Exhibit 2.**

**10.** A video demonstrating the operation of the Plaintiff Products is enclosed herewith as **Exhibit 3**

**Defendant's Wrongful Acts**

**11.** Defendant owns all right, title, and interest in the '926 Patent.

**12.** In July 2026, Plaintiff received a notification from Amazon that an infringement complaint had been issued against the Plaintiff Products via the Amazon Patent Evaluation Express (APEX) program. A true and correct copy of that complaint is attached hereto as **Exhibit 4.**

**13.** On information and belief, Defendant, who has represented to Amazon.com that it owns the rights in the '926 Patent, caused the July 2026 notice to be provided to Amazon.com and used to prevent Plaintiff from selling the Plaintiff Products.Defendant's initiation of the



MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

APEX procedure wrongfully accuses the Plaintiff Products of infringing Claim 1 of the ‘926 Patent.

**14.** Defendant’s initiation of the APEX procedure wrongfully accuses the Plaintiff Products of infringing Claim 1 of the ‘926 Patent.

**15.** Defendant’s wrongful enforcement of the ‘926 Patent has and continues to cause harm to Plaintiff by at least compromising Plaintiff’s Amazon account integrity, increasing the risk of account strikes and potential account closure. Moreover, Defendant’s successful, albeit wrongful, utilization of the APEX procedure will result in the cessation of Plaintiff’s lawful sale of the Plaintiff Products on the Amazon platform and loss of revenue.

**16.** Defendant’s conduct and accusations of infringement raise an actual case or controversy between the parties.

**Count I - Declaratory Judgment of Invalidity**

**17.** Plaintiffs repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 16.

**18.** Defendant has alleged and continues to allege that the Plaintiff Products infringe at least claim 1 of U.S. Patent No. 12,654,926.

**19.** The claims of the ‘926 Patent are invalid under the Patent Laws of the United State of America, 35 U.S.C. § 1 et seq., including but not limited to §§ 102, 103, and 112.

**20.** The claims of the ‘926 Patent are invalid under 35 U.S.C. § 102 for being not novel.

**21.** The claims of the ’926 Patent are invalid under 35 U.S.C. § 103 for being obvious to a person of ordinary skill of the art.

**22.** The claims of the ’926 Patent are invalid for failure to meet the legal requirements of 35 U.S.C. § 112.



MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

### Count II - Declaratory Judgment of Non-Infringement

**23.** Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 22.

**24.** Defendant has alleged and continues to allege that the Plaintiff Products infringe at least-Claim 1 of U.S. Patent No. 12,654,926.

**25.** The Plaintiff Products do not infringe any claim of the ‘926 Patent.

**26.** The Plaintiff Products have not directly or indirectly infringed any claim of the ‘926 Patent, nor do so now.

**27.** The Plaintiff Products have not infringed any claim of the ‘926 Patent literally or under the doctrine of equivalents, nor do so now.

**28.** Declaratory relief is necessary and appropriate so that Plaintiff may ascertain its rights regarding the ‘926 Patent.

**29.** The circumstances show that there is an actual, present, substantial, and justiciable, controversy between Plaintiff and Defendant, which have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding whether the Plaintiff Products infringe any claim of the ‘926 Patent.

**30.** Plaintiff seeks a declaratory judgment that Plaintiff is not infringing, has not infringed, and is not liable for infringing the ’926 Patent.

**WHEREFORE**, Plaintiff prays that this Court enter an Order granting the following relief on the claims herein against Defendant:

**A.** A declaration that all of the claims of the ‘926 Patent are invalid;

**B.** A declaration that the Plaintiff Products do not infringe any claims of the ‘926 Patent;

**C.** A declaration that the ‘926 Patent is void and unenforceable;



MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

**D.** Declaring that Plaintiff is the prevailing party and that this is an exceptional case, awarding-Plaintiff its costs, expenses, and reasonable attorney's fees under 35 U.S.C. § 285;

**E.** An order from this Court that Defendant retract any infringement complaints it has levied against the Plaintiff Products, on Amazon.com or elsewhere;

**F.** An order enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the '926 Patent against the Plaintiff Products; and

**G.** Awarding Plaintiff such other and additional and equitable relief as the Court deems just and proper.

Dated this August 19, 2026.

By: s/ *Philip P. Mann*
Philip P. Mann, WSBA No. 28860
**MANN LAW GROUP PLLC**
350 Madison Ave. N.
Bainbridge Island, WA 98110
Telephone: (206) 436-0900
email: phil@mannlawgroup.com

Together with:
Adam E. Urbanczyk
adamu@au-llc.com
Brian Swift
(*Pro Hac Vice forthcoming*)
brians@au-llc.com
**AU LLC**
444 W Lake St Suite 1700
Chicago, IL 60606
Telephone: (312) 715-7312
***Counsel for Plaintiff***